# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60107-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YASMANY LOPEZ,

    Defendant.
_____/

## ORDER DENYING MOTION FOR MISCELLANEOUS RELIEF

**THIS CAUSE** is before the Court upon Defendant Yasmany Lopez's ("Lopez") Motion for Miscellaneous Relief, ECF No. [30] ("Motion"), filed on May 17, 2019. The United States of America ("Government") filed a response, ECF No. [31] ("Response"). The Court has carefully considered the Motion and Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Lopez was charged by information with access device fraud in violation of 18 U.S.C. § 1029(a)(3) (Count 1), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). ECF No. [1]. He pled guilty to both counts charged in the information on May 3, 2016. *See* ECF No. [11]. At sentencing, based upon a total offense level of 17 and a criminal history category of I, the Court determined that the guideline imprisonment range was 24 to 30 months as to Count 1, and that Count 2 required a mandatory two-year sentence to run consecutive to any sentence imposed for Count 1. After considering the relevant § 3553(a) factors, the Court imposed an incarcerative sentence of 44 months, consisting of 20 months as to Count 1 and 24 months as

to Count 2, followed by three years of supervised release as to Count 1 and one year as to Count 2, to run concurrently. *See* ECF No. [23].

In the Motion, Lopez cites to the First Step Act of 2018 and requests that the Court reduce his sentence pursuant to the Amendment for Alternatives to Incarceration for Nonviolent First Offenders ("Amendment"), which inserted a paragraph into the commentary to United States Sentencing Guidelines section 5C1.1. *See* U.S.S.G. § 5C1.1 at n.4 ("If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3)."). Lopez argues that he is a nonviolent first-time offender with zero risk of recidivism, and therefore, that his sentence should be reduced. The Government responds that the Amendment does not apply to him and that even if it did, it does not change the applicable guideline such that a modification of Lopez's sentence would be appropriate.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010); *see also United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found at 18 U.S.C. § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id.*

Upon review, the Court determines that Lopez is not eligible for relief under § 3582(c)(2) because the Amendment he relies upon did not change the applicable sentencing range. In addition, as the Government points out, the Amendment by its terms would not apply to him. Based upon an offense level of 17 and criminal history category of I, Lopez's guidelines sentencing range falls within Zone D of the Sentencing Table, not Zone A or B as required by the Amendment. Accordingly, the Amendment provides no relief to Lopez here.

Moreover, to the extent that Lopez relies upon the First Step Act, the Act also affords Lopez no relief. The only portion of the First Step Act that expressly permits a Court to reduce a previously imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving cocaine base. Lopez is not eligible for relief under the First Step Act because the offenses for which he was convicted do not involve crack cocaine.

As a result, Lopez's Motion**, ECF No. [30]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 19, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Yasmany Lopez
13227-104
D. Ray James
Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
Folkston, GA 31537